UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DELICIA MASON,

        Plaintiff,

   v.

INDYMAC FEDERAL BANK; MORTGAGEIT, INC; NDEX WEST, LLC; MORTGAGE ELECTRONIC SYSTEMS, INC.; US BANK NATIONAL ASSOCIATION; MD MORTGAGE GROUP, INC.; JAMES DEVERA; KEVIN RUSCH; and DOES 1-20 inclusive,

        Defendants.
_____/

Civ. No. S-09-1836 FCD/DAD

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on the motion of defendants' Mortgageit, Inc. ("Mortgageit") and Mortgage Electronic Registration Systems ("MERS") motion to dismiss plaintiff Delicia Mason's ("plaintiff") second amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). On February 26, 2010, plaintiff filed an amended opposition to defendants'

1

1 motions to dismiss, which included a request for leave to amend
2 her first amended complaint.  In this request, plaintiff seeks to
3 remove her claims under the Truth in Lending Act ("TILA") and the
4 Real Estate Settlement Procedures Act ("RESPA") stating she is
5 unable to obtain facts to support these claims. (Pl.'s Am. Opp'n
6 Mot. Dismiss, filed Feb. 26, 2010, 16:2-19.)  The court
7 interprets this as a request for dismissal of the TILA and RESPA
8 claims.  Accordingly, plaintiff's TILA and RESPA claims are
9 dismissed.  See, e.g. Fed. R. Civ. Pro. 41(a); Swedberg v.
10 Marotzke, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a
11 motion to dismiss, pursuant to FRCP 12(b), does not prevent the
12 plaintiff from later filing a voluntary dismissal).

13      Dismissal of the TILA and RESPA claims leaves the complaint
14 devoid of any federal claims.  The remaining claims are state law
15 claims for negligence, violation of the California Rosenthal Act,
16 breach of fiduciary duty, fraud, violation of California Business
17 and Professions Code §§ 17200 *et seq*., breach of contract, breach
18 of the implied covenant of good faith and fair dealing, and
19 wrongful foreclosure.  (Pl.'s First Am. Compl. ("Compl.").)

20      Subject to the conditions set forth in 28 U.S.C. § 1367(c),
21 district courts may decline to exercise supplemental jurisdiction
22 over state law claims.  See Acri v. Varian Associates, Inc., 114
23 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision
24 whether to exercise supplemental jurisdiction should be informed
25 by values of "economy, convenience, fairness, and comity."  Id.
26 at 1001 (citations omitted).  Further, primary responsibility for
27 developing and applying state law rests with the state courts.
28 Therefore, when federal claims are eliminated before trial,

1 district courts should usually decline to exercise supplemental
2 jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
3 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d
4 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which
5 federal-law claims are eliminated before trial, the balance of
6 factors . . . will point toward declining to exercise
7 jurisdiction over the remaining state law claims.")(quoting
8 Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In
9 accordance with 28 U.S.C. § 1367(c), the court declines to
10 exercise supplemental jurisdiction over plaintiff's remaining
11 state law claims.

    Accordingly, plaintiff's complaint is DISMISSED without prejudice.

    IT IS SO ORDERED.

DATED: March 2, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE